790 So.2d 570 (2001)
Michael O'SHIELDS, Appellant,
v.
UNITED AUTOMOBILE INSURANCE CO., Appellee.
No. 3D00-2749.
District Court of Appeal of Florida, Third District.
July 25, 2001.
Vernis & Bowling, and Donald H. Benson, for appellant.
Conroy, Simberg, Ganon, Krevans & Abel, and Hinda Klein, and Mara Shlackman, for appellee.
Before COPE, GODERICH, and RAMIREZ, JJ.

ON MOTION FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION
RAMIREZ, J.
We grant appellee United Automobile Insurance Company's motion for rehearing only as to the issue of entitlement to attorney's fees raised in this Court's opinion of May 2, 2001, which is now vacated and substituted by the following opinion. We also deny the motion for certification.
Michael O'Shields, plaintiff below, appeals the entry of final summary judgment in favor of his insurance company, United Auto. We reverse the entry of summary judgment.
*571 O'Shields' automobile was stolen on January 12, 1999, and he filed a claim with United Auto. After taking a three-hour statement from its insured, United Auto took the position that O'Shields had failed to cooperate and denied coverage. On August 23, 1999, without notifying its insured, United Auto agreed to settle O'Shields' claim and sent payment to the lienholder, but did not advise O'Shields as to the amount or terms of the settlement. O'Shields filed suit for breach of contract against United Auto on August 24, 1999. On September 8, 1999, in a letter to United Auto, O'Shields requested information regarding the settlement and any releases obtained on O'Shields' behalf. United Auto responded by filing a motion to dismiss for improper venue.
It is not necessary to describe all the pleadings filed by United Auto to establish the stonewalling tactics of the insurer. On November 22, 1999, O'Shields moved to compel the production of the documents concerning the settlement and releases. It was not until March 29, 2000, when, in response to the trial court's order compelling production, United Auto sent O'Shields a copy of the check it had sent to the lienholder as payment for the loss of the automobile. United Auto then moved for summary judgment and, as payment had been made, the trial court granted the motion.
An insurance company owes a duty of good faith and fair dealing to its insured under the terms of the insurance policy. See North American Van Lines, Inc. v. Lexington Ins. Co., 678 So.2d 1325, 1330-31 (Fla. 4th DCA 1996). According to the terms of the insurance contract, O'Shields, as the insured, had a right to the settlement documents, and a right to be informed regarding the settlement with the lienholder. O'Shields also had the right to verify that the amount United Auto had paid the lienholder was adequate. Instead of providing O'Shields with the requested documentation and promptly ending the litigation, United Auto did not cooperate with O'Shields and failed to provide him with the requested documentation. This made continuation of the lawsuit necessary, and payment for the loss did not vitiate United Auto's failure to deal fairly and in good faith with its insured.
For these reasons, we therefore reverse.